IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AUSTEN NWANZE )
    Plaintiff )
  )
vs. )
  ) C.A.No. 05-47 Erie
  ) District Judge Cohill
REYNOLDS, et al. ) Magistrate Judge Baxter
    Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I    RECOMMENDATION**

It is respectfully recommended that the instant civil rights action be dismissed for plaintiff's failure to prosecute.

**II    REPORT**

Plaintiff, formerly an inmate incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania, filed this civil rights action on February 4, 2005. Since the filing of this action, this Court has been informed by Defendants that Plaintiff has been deported from the United States. Plaintiff has not notified this Court of his whereabouts.

Defendants filed a motion to show cause why Plaintiff's complaint should not be dismissed for failure to prosecute. Document # 4. By Order of this Court dated May 23, 2005, Plaintiff was instructed to show cause why his complaint should not be dismissed for failure to prosecute before June 13, 2005. See Document # 4. The Order explained that failure to respond

1

AO 72
(Rev. 8/82)

would result in the dismissal of this action for failure to prosecute. To date, Plaintiff has not complied with this Order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has ignored orders by this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

AO 72
(Rev. 8/82)

## III  CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 17, 2005

cc: The Honorable Maurice Cohill
United States District Judge

all parties of record (lw)